UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| BLAKE O'BRYAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:24-CV-119 |
| | ) | |
| ERNEST BRADELY MOORE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff Blake O'Bryan filed a pro se Complaint [Doc. 2] and an accompanying Motion [Doc. 1] in which he asks to proceed *in forma pauperis*. The Motion to proceed *in forma pauperis* is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court.

**I.**   ***IN FORMA PAUPERIS* APPLICATION**

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute allows a litigant to commence a civil action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). To proceed *in forma pauperis*, a plaintiff must show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). At the same time, one need not be destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342. An affidavit to proceed *in forma pauperis*
Case 2:24-cv-00119-JRG-CRW   Document 7   Filed 07/23/24   Page 1 of 5   PageID #: 11

is sufficient if it demonstrates that the requesting party cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the Court has considered Plaintiff's Motion for Leave to Proceed *in forma pauperis* and his economic status in deciding whether to grant leave to proceed *in forma pauperis*. While the information provided by Plaintiff is rather bare-bones information, the Court finds that Plaintiff has included just enough information for the Court to assess his financial circumstances. The Court further finds that Plaintiff's Motion sets forth grounds for allowing him to proceed *in forma pauperis*; thus, the Motion [Doc. 1] is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see also Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). At the same time, for the reasons set forth below, **the Clerk shall not issue process at this time.**

When a Plaintiff is proceeding *in forma pauperis,* district courts are required to dismiss the complaint if it is frivolous or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *see also Neitzke*, 490 U.S. 319. This screening process requires that the Court consider the facts alleged by a plaintiff in conjunction with applicable law. The Court will now undertake the required screening process as to Plaintiff's Complaint.

## II. FACTUAL ALLEGATIONS

In the instant action, Plaintiff asserts that he was served an eviction notice while he was housesitting for Defendant Ernest Bradely Moore even though Plaintiff did not reside at the house. [Doc. 2]. Plaintiff states that he did not go to court to address the notice because he did not live at the house but that he now has an eviction on his record. *Id.* Based upon these allegations, Plaintiff

is requesting from Defendant Moore and the Washington County Courthouse the sum of $1 million to compensate him for mental anguish and defamation. *Id.*

### III. LEGAL ANALYSIS

In undertaking the present review, the Court liberally construes Plaintiff's claims because he is proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Even under this lenient standard, a claim will be dismissed if it is frivolous, meaning it lacks "'an arguable basis either in law or fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke,* 490 U.S. at 325). For a complaint to survive the §1915 screening process, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Zelesnik v. GE Healthcare*, No. 1:18-CV-2443, 2018 WL 5808749, at *1 (N.D. Ohio Nov. 6, 2018) (quoting *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)). This being the case, the Court will not "conjure allegations on a litigant's behalf" to help a pro se litigant survive the §1915 screening process. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). This limitation helps courts avoid "'transform[ing] . . . from their legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies. . . .'" *Profitt v. Divine Sol.*, No. 3:10-CV-311-S, 2010 WL 2203310, at *1 (W.D. Ky. May 27, 2010) (quoting *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985)).

In addition to screening a complaint to determine whether it states a claim, courts have an independent and ongoing obligation to determine whether they have jurisdiction to hear each case. Fed. R. Civ. P. 12(h)(3) (noting that "[i]f the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *In re Wolverine Radio Co.*, 930 F.2d 1132, 1137 (6th Cir. 1991) (observing that "the federal courts are courts of limited jurisdiction and have a continuing obligation to examine their subject matter jurisdiction throughout the pendency of

every matter before them.") (footnote omitted)); *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990) (confirming that "courts have a positive duty to undertake the jurisdiction inquiry"). Federal courts do not have jurisdiction over every lawsuit that is filed. Instead, federal courts have limited jurisdiction and may only hear cases "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Ultimately, this means that federal courts have jurisdiction over only those cases which arise under federal law or where there is statutory diversity. 28 U.S.C. §§ 1331, 1332(a). To invoke diversity jurisdiction, plaintiffs must allege both that "the matter in controversy exceeds the sum or value of $75,000" and that the parties are citizens of different states. *Id.* § 1332(a).

Here, Plaintiff has filed suit against Defendant Moore and the Washington County Courthouse[1] for defamation, but he has not alleged sufficient facts to invoke either federal question or diversity jurisdiction. Plaintiff has not sought relief for any claims under federal law, nor has he met the requirements to invoke diversity jurisdiction. While Plaintiff requests $1 million in damages, exceeding the required threshold of more than $75,000.00, he has not satisfactorily established that there is complete diversity of citizenship between the parties. Plaintiff advises that he lives in Mountain City, Tennessee, and lists Defendant Moore's address as being in Johnson City, Tennessee. The Court takes judicial notice that the Washington County Courthouse is in Jonesborough, Tennessee. Because all parties to this action are located in Tennessee, the Court must find that it does not have subject-matter jurisdiction over Plaintiff's claims.

Furthermore, even if Plaintiff had been able to establish a basis for jurisdiction, he has failed to provide a sufficient factual basis for his claims. Plaintiff has not described the specific actions of either defendant, nor has he provided the date of any event giving rise to his claims.

---

[1] While the Court notes that the Washington County Courthouse is not a proper party, given the Court's findings as to jurisdiction, the Court will not further address this issue.

Additionally, Plaintiff has not provided any details as to his "mental anguish," and has failed to provide any facts which would support a defamation claim. As such, the Court must recommend dismissal of his Complaint.

## IV. CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's Complaint [Doc. 2] be **DISMISSED with prejudice** because it appears that no amendment Plaintiff could propose to his Complaint would allow him to set forth a claim upon which relief could be granted under the facts he has alleged. This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[2]

So ordered and respectfully submitted,

/s/ Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[2] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).